**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys On Signature Page]

*Attorneys for Plaintiff,*
Nancy Iniguez

Kazerouni Law Group, APC
Santa Ana, California

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NANCY INIGUEZ, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE CBE GROUP, INC.,**<br><br>**Defendant.** | **Case No.: 2:13-CV-00843-JAM-AC**<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND (B)(3)**<br><br>**Date: February 5, 2014**<br>**Time: 9:30 a.m.**<br>**Place: Courtroom 6**<br>**Judge: Hon. John A. Mendez**<br><br>[Declaration of Abbas Kazerounian filed concurrently] |

Kazerouni Law Group, APC
Santa Ana, California

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** .................... ii

**I. INTRODUCTION** .................... 1

**II. PROCEDURAL BACKGROUND** .................... 1

**III. FACTUAL BASIS FOR CLASS CERTIFICATION** .................... 1

**IV. TELEPHONE CONSUMER PROTECTION ACT** .................... 2

**V. RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS** . 4

**A. The Proposed Class of Persons Autodialed by Defendant Is Adequately Defined and Clearly Ascertainable** .................... 5

**B. Numerosity** .................... 7

**C. Commonality** .................... 7

**D. Typicality** .................... 10

**E. Adequacy of Representation** .................... 11

**F. Hybrid Class Certification Under Rules 23(b)(2) and (b)(3) Should Be Granted** .................... 12

**1. Rule 23(b)(2)** .................... 12

**2. Rule 23(b)(3)** .................... 13

**G. A Class Action Is Superior To Numerous Individual TCPA Actions** .................... 15

**VI. CONCLUSION** .................... 16

Kazerouni Law Group, APC
Santa Ana, California

# TABLE OF AUTHORITIES

## Cases

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) ........ 14

*Adams v. AllianceOne, Inc.*, No. 08-CV-248, 2011 WL 2066617 (S.D. Ca. May 25, 2011) ........ 3

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ........ 13

*Armstrong v. Davis,* 275 F.3d 849 (9th Cir. Cal. 2001) ........ 8, 10

*Bellows v. NCF Fin. Sys.*, 2008 U.S. Dist. LEXIS 114451 (S.D. Cal. Sept. 5, 2008) ........ 16

*Bridgeview Health Care Ctr., Ltd. V. Clark*, 2012 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013) ........ 3

*Califano v. Yamaki,* 442 U.S. 682 (1979) ........ 4

*CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009) ........ 13

*Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332 (S.D. Cal. June 11, 2012) ........ 3, 14

*Crown, Cork, & Seal Co., v. Parking*, 462 U.S. 345 (1983) ........ 1

*Dunn v. City of Chicago*, 231 F.R.D. 367 (N.D. Ill. 2005) ........ 14

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (U.S. 1974) ........ 4

*Elliot v. ITT Corp.,* 150 F.R.D. 569 (N.D. Ill. 1992) ........ 5

*Ellis v. Costco Wholesale Corp.*,
285 F.R.D. 492 (N.D. Cal. Sept. 25, 2012) .............................................. 8, 11, 14

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) .............................................................................5

*Ellison v. Steve Madden, LTD*,
No. 11-CV-5935-PSG (AGRx) (C.D. Cal. Sept. 25, 2012)................................... 8

*Franklin v. City of Chicago*,
102 F.R.D. 944 (N.D. Ill. 1984) ...................................................................... 8, 10

*General Telephone Co. of Southwest v Flacon*,
457 U.S. 147 (1982) ..........................................................................5, 10, 13-14

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523 (U.S. 2013) ...........................................................................1, 16

*G.M. Sign, Inc. v. Franklin Bank, S.S.B.*,
2008 U.S. Dist. LEXIS 79827 (N.D. Ill. Aug. 20, 2008) ...................................10

*Grant v. Capital Management Services, L.P.*,
2011 WL 3874877 (9th Cir. Sept. 2, 2011) ......................................................... 3

*G.M. Sign, Inc. v. Group C Communs., Inc.*,
2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010).................................... 15

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. Cal. 1988) ............................................................ 8, 11, 15

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992)....................................................................... 4, 10, 11

*Harris v. Circuit City Stores, Inc.*,
2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008) .....................................10

*Holtzman v. Turza*,
2009 U.S. Dist. LEXIS 95620 (N.D. Ill. Oct. 14, 2009)....................................... 10

*In re Adobe Sys., Inc. Sec. Litig.*,
139 F.R.D. 150 (N.D. Cal. 1991) ........................................................................ 3

**Kazerouni Law Group, APC**
Santa Ana, California

*In re Jiffy Lube Int'l, Inc. v. Test Spam Litig.*,
879 F. Supp. 2d 1079 (C.D. Cal. 2012)........................................................ 3

*Karen S. Little, L.L.C. v. Drury Inns, Inc.*,
306 S.W.3d 577 (Mo. Ct. App. 2010)........................................................ 5

*Kramer v. Autobytel, Inc.*,
759 F. Supp. 2d 1165 (N.D. Cal. 2010)........................................................ 2

*LaDuke v. Nelson,*
762 F.2d 1318 (9th Cir. 1985)........................................................ 8

*Lee v. Stonebridge Life Ins. Co.*,
2013 U.S. Dist. LEXIS 19774 (N.D. Cal. Feb. 12, 2013)............................passim

*Manno v. Healthcare Revenue Recovery Group, LLC,*
2013 U.S. Dist. LEXIS 52620 (S.D. Fla. Mar. 26, 2013)........................... 14

*McKenzie v. Fed. Express Corp.,*
275 F.R.D. 290 (C.D. Cal. 2011)........................................................ 5

*Meyer v. Portfolio Recovery Associates, LLC*,
2012 WL 4840814 (9th Cir. Oct. 12, 2012).................................... 5, 11, 13

*Mendoza v. Home Depot, U.S.A., Inc.,*
2010 U.S. Dist. LEXIS 13025 (C.D. Cal. Jan. 21, 2010)............................ 7

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. Ill. 2012)........................................................13

*Moore v. PaineWebber, Inc.*,
306 F.3d 1247 (2d Cir. N.Y. 2002)........................................................ 15

*Moreno v. Autozone, Inc.,*
251 F.R.D. 417 (N.D. Cal. 2008)........................................................ 6

*Montgomery v. Rumsfield,*
572 F.2d 250 (9th Cir. 1978)........................................................4

*Murray v. GMAC Mortgage Corp.*,
434 F.3d 948 (7th Cir. 2006)........................................................15



Kazerouni Law Group, APC
Santa Ana, California

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
238 F.R.D. 482 (C.D. Cal. 2006) .......... 6

*Santillan v. Ashcroft*,
No. C 04-2686 MHP, U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004).......... 6

*Satterfield v. Simon & Schuster, Inc.*,
569 F.3d 946 (9th Cir. 2009).......... 2, 3

*Schwartz v. Upper Deck Co.*,
183 F.R.D. 672 (S.D. Cal. 1999).......... 6-7

*Shaw v. BAC Home Loans Servicing, LP*,
2011 U.S. Dist. LEXIS 149416 (S.D. Cal. Dec. 29, 2011) .......... 5

*Spencer v. Beavex, Inc.*,
2006 U.S. Dist. LEXIS 98565 S.D. Cal. Dec. 15, 2006).......... 7

*Sullivan v. Kelly Servs.*,
268 F.R.D. 356 (N.D. Cal. 2010) .......... 7

*Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*,
247 F.R.D. 98 (C.D. Cal. 2007) .......... 4

*Valentino v. Carter-Wallace, Inc.*,
97 F.3d 1227 (9th Cir. 1996).......... 13, 15

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (U.S. 2011) .......... passim

*Wang v. Chinese Daily News, Inc.*,
231 F.R.D. 602 (C.D. Cal. 2005) .......... 7

*Weeks v. Bareco Oil Co.*,
125 F.2d 84 (7th Cir. Ill. 1941) .......... 16

*Westways World Travel, Inc. v. AMR Corp.*,
218 F.R.D. 223 (C.D. Cal. 2003) .......... 16

*Wolin v. Jaguar Land Rover N. Am., LLC*,
617 F.3d 1168 (9th Cir. 2010).......... 13

*Wolph v. Acer America Corp.*,
272 F.R.D. 477 (N.D. Cal. 2011) .......... 5-6

*Yoshioka v. Charles Schwab Corp.*,
2011 U.S. Dist. LEXIS 147483 (N.D. Cal. Dec. 22, 2011) .......... 12

**Statutes**

47 U.S.C. § 227 .......... 1

47 U.S.C. § 227(a)(1) .......... 3

47 U.S.C. § 227(b)(1)(A) .......... 3

47 U.S.C. § 227(b)(1)(A)(iii) .......... 2, 15

47 U.S.C. § 227(b)(3)(B) .......... 16

**Rules**

Fed. R. Civ. P. 23 .......... passim

Fed. R. Civ. P. 23(a) .......... 1, 4, 7, 8

Fed. R. Civ. P. 23(a)(1) .......... 7

Fed. R. Civ. P. 23(a)(2) .......... 3, 10

Fed. R. Civ. P. 23(a)(3) .......... 10

Fed. R. Civ. P. 23(a)(4) .......... 11

Fed. R. Civ. P. 23(b) .......... 12

Fed. R. Civ. P. 23(b)(2) .......... 12, 16, 17

Fed. R. Civ. P. 23(b)(3) .......... 12, 13, 14

Fed. R. Civ. P. 23(g)(1)(B) .......... 11

///

**Other**

1 Alba Cone & Herbert B. Newberg,
*Newberg on Class Actions* § 3.3 (4th ed. 2002) .......... 7

5 James Wm Moore,
*Moore's Fed. Prac.* § 23.21 (2001) .......... 6

C. Wright, A Miller & M. Kane,
*Federal Prac. & Proc. Civil 2d* § 1754 (1986) .......... 4

H. Newberg,
*Newberg on Class Actions* § 1115(b) (1st Ed. 1977) .......... 7

*In Re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
10 F.C.C.R. 12391 (Aug. 7, 1995) .......... 3

*In Re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
Declaratory Ruling, CG Docket No. 11-50, FCC 13-54 (May 9, 2013) .......... 3

Kazerouni Law Group, APC
Santa Ana, California

Kazerouni Law Group, APC
Santa Ana, California

## I. INTRODUCTION

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). This putative class action centers on a few simple allegations which, if found to be true, constitute numerous violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (the "TCPA"). Nancy Iniguez ("Plaintiff") alleges that The CBE Group, Inc. ("Defendant") made autodialed and/or prerecorded voice calls to the cellular telephone of Plaintiff and putative class members without prior express consent, in violation of § 227(b)(1)(A)(iii). Claims under the TCPA, such as the ones in this case, make ideal class actions because the putative class members suffer the same injury in virtually the same manner.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint ("Compl.") on March 18, 2013. Plaintiff files this Motion for Class Certification at this time in order to procedurally preserve Plaintiff's rights pursuant to the decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (U.S. 2013), although Plaintiff disagrees that the *Genesis* decision is applicable. *See* Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶ 4. Plaintiff respectfully requests the Court defer ruling on Plaintiff's Motion for Class Certification until after the parties have had a reasonable opportunity to conduct pre-certification discovery. Kazerounian Decl., ¶ 5. With leave of Court, Plaintiff will file an amended Motion for Class Certification with information obtained during the discovery process to support the prerequisites of Fed. R. Civ. P. 23(a). Kazerounian Decl., ¶ 6.

## III. FACTUAL BASIS FOR CLASS CERTIFICATION

As alleged in the Complaint, Defendant made autodialed and/or prerecorded call/s to Plaintiff's cellular telephone number, and the cellular telephone number of

Kazerouni Law Group, APC
Santa Ana, California

Class members' cell phones, without prior express consent, in violation of § 227(b)(1)(A)(iii) of the TCPA. *See* Compl., ¶¶ 11-37. Based upon these factual allegations in the Complaint and evidence that may be produced during the pre-certification discovery process, Plaintiff believes that a 47 U.S.C. § 227(b)(1)(A)(iii) Class is justified here, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.[1]

Class certification of Plaintiff's single TCPA claim is therefore appropriate.

## IV. TELEPHONE CONSUMER PROTECTION ACT

Congress enacted the TCPA in 1991. The TCPA combats the threat to privacy being caused by the automated calling practices at issue by declaring that:

> It shall be **unlawful** for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) **to make any call** (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system or an artificial or prerecorded voice**—. . .
>
> (iii) **to any telephone number assigned to a** paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added); *see also Kramer v. Autobytel, Inc*, 759 F. Supp. 2d. 1165, 1169-1171 (N.D. Cal. 2010).[2]

---

[1] The proposed Class Period is March 18, 2009 to March 18, 2013.

[2] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (The "TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls," and that "consumers complained that such calls are a 'nuisance and an invasion of privacy.'").

Kazerouni Law Group, APC
Santa Ana, California

The TCPA's prohibition at issue requires the calls to be made with an automated telephone dialing system ("ATDS"), which Congress defines as "equipment which has the *capacity* (A) to store or produce telephone numbers to be called, using a random *or* sequential number generator; and (B) to dial such numbers" (47 U.S.C. § 227(a)(1) (emphasis added)), or with an artificial or prerecorded voice (*id*. at § 227(b)(1)(A)). "The TCPA violations, if any, occurred when the messages [or calls] were *sent* [or made]…" *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *9 (N.D. Cal. Feb. 12, 2013).

The Ninth Circuit has defined "express consent" to mean "clearly and unmistakably stated" (*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009)). Prior express consent is an affirmative defense for which the defendant bears the burden of proof. *See Grant v. Capital Management Services, L.P.,* 2011 WL 3874877, at *1, n.1. (9th Cir. Sept. 2, 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof") (emphasis added); *see also Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *9 (S.D. Cal. June 11, 2012); *Adams v. AllianceOne, Inc.,* 2011 WL 2066617, at *1-2 (S.D. Cal. May 25, 2011).

The TCPA does not limit liability to the entity that actually makes the calls. *See e.g.*, *Bridgeview Health Care Ctr., Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *12 (N.D. Ill. Mar. 19, 2013) ("the TCPA creates a form of vicarious liability making an entity liable when a third party sends unsolicited communications on its behalf in violation of the Act.") (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12407 (Aug. 7, 1995)); *see also In re Jiffy Lube Int'l, Inc. v. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1258 (S.D. Cal. 2012); *In Re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, CG Docket No. 11-50, FCC 13-54 (May 9, 2013).

Kazerouni Law Group, APC
Santa Ana, California

The TCPA sets statutory damages in the amount of $500 per negligent violation and provides for injunctive relief prohibiting the further transmission of such messages. *See* 47 U.S.C. § 227(b)(3)(A-B).

## V. RULE 23 STANDARDS AND CLASS CERTIFICATION ANALYSIS

Rule 23 governs the certification of class actions and has as main objectives the efficient resolution of the claims or liabilities of many individuals in a single action as well as the elimination of repetitious litigation and possibly inconsistent adjudication. *See Califano v. Yamaki*, 442 U.S. 682, 700-01 (1979); C. Wright, A. Miller & M. Kane, Federal Prac. & Proc. Civil 2d at § 1754 (1986). District courts are afforded broad discretion in determining whether an action should be certified. *Montgomery v. Rumsfield*, 572 F.2d 250, 255 (9th Cir. 1978). Rule 23 outlines a two-step process for determining whether class certification is appropriate. First, Rule 23(a) sets forth four conjunctive prerequisites that must be met for any class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

These requirements are referred to as numerosity, commonality, typicality, and adequacy. *See Thompson v. Clear Channel Communs., Inc. (In re Live Concert Antitrust Litig.)*, 247 F.R.D. 98, 105 (C.D. Cal. 2007). Once subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls into one of three categories under Rule 23(b). *See In re Adobe Sys., Inc. Sec. Litig.*, 139 F.R.D. 150, 153 (N.D. Cal. 1991). A plaintiff must show compliance with the prerequisites of Rule 23(a) under a rigorous analysis. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (U.S. 2011). "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen*

Kazerouni Law Group, APC
Santa Ana, California

*v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (U.S. 1974) (emphasis added).

"[I]t is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits." *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 297 (C.D. Cal. 2011). "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim…" *General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[I]t remains relatively clear an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and any inquiry into the merits must be strictly limited to evaluating plaintiffs' allegations to determine whether they satisfy Rule 23." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *7 (N.D. Cal. Feb. 12, 2013) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011).

Class actions are essential to enforce laws protecting consumers. Indeed, the Ninth Circuit recently affirmed class certification of a TCPA claim similar to this one in the case of *Meyer v. Portfolio Recovery Associates, LLC*, 2012 WL 4840814 (9th Cir. Oct. 12, 2012). Other courts have recently certified TCPA class actions. *See e.g.*, *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *11-12 (N.D. Cal. Feb. 12, 2013). According to the court in *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010), approximately fifty courts have certified TPCA class actions as of 2010.

### A. The Proposed Class of Persons Autodialed by Defendant Is Adequately Defined and Clearly Ascertainable

"Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp.*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). "The class definition 'must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class

Kazerouni Law Group, APC
Santa Ana, California

member.'" *Shaw v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 149416, *4-5 (S.D. Cal. Dec. 29, 2011) (citing *Wolph v. Acer America Corp.*, 272 F.R.D. 477, 482 (N.D. Cal. 2011)).[3] "[T]he identity of class members must be ascertainable by reference to objective criteria." 5 James Wm Moore, Moore's Fed. Prac., § 23.21[1], p. 23-57 (2001). A class may be certified even though the court cannot identify every potential member at the moment of certification. *See Santillan v. Ashcroft*, No. 04-CV-2686 MHP, 2004 U.S. Dist. LEXIS 20824 (N.D. Cal. Oct. 12, 2004).

Class membership here may be readily determined by objective criteria, namely, whether (i) Defendant (ii) made any autodialed and/or prerecorded voice calls (iii) to the cellular telephone of (iv) persons throughout the United States (v) without their prior express consent (vi) between March 18, 2009 and March 18, 2013. Such objective information can be readily determined using Defendant's records and/or Defendant's agent's records.

To identify Class members, Plaintiff will seek the outbound dial lists of Defendant, which lists contain the telephone numbers of persons called by Defendant on their telephone (including cell phones) by means of an autodialer and/or prerecorded voice. Plaintiff's technology consultant will scrub the list for calls to cellular telephones only, thus leaving only actionable calls. These actionable calls will be cross-referenced with name and address information from Defendant's records, public records, and/or through use of a call center or other means. Such plausible methods will be used to identify Class members in this case, which is all that is required at the class certification stage. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 494-495 (C.D. Cal. 2006) ("plaintiffs need only show that their proposed methods are plausible.").

Plaintiff has thus identified the general outlines of Class membership, and it is

---

[3] "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description." *Moreno v. Autozone, Inc.*, 251 F.R.D. 417, 421 (N.D. Cal. 2008).

Kazerouni Law Group, APC
Santa Ana, California

certainly administratively feasible for the parties to review Defendant's documentation (i.e., the outbound dial list) in electronic searchable format, which is a limited, basic inquiry made relatively simply through the use of technology. *See Spencer v. Beavex, Inc.*, 2006 U.S. Dist. LEXIS 98565, *19 (S.D. Cal. Dec. 15, 2006) ("[A] proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member.") (internal quotations omitted)).

Therefore, the class definition is adequately defined.

**B. Numerosity**

Under Rule 23(a), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). *See Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 606 (C.D. Cal. 2005) (classes made up of fewer than 100 have satisfied the numerosity requirement); *Sullivan v. Kelly Servs.*, 268 F.R.D. 356, 362 (N.D. Cal. 2010) ("where the exact size of the class is unknown, but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied") (quoting 1 Alba Cone & Herbert B. Newberg, *Newberg on Class Actions* § 3.3 (4th ed. 2002)).

The Complaint alleges that there are several thousand of class members (Compl., ¶ 28). Therefore, the numerosity requirement is satisfied here because thousands of separate actions would be economically and judicially impracticable. *See Mendoza v. Home Depot, U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 13025, *13 (C.D. Cal. Jan. 21, 2010) ("Given the large number of potential plaintiffs, the Court finds that the numerosity requirement of Rule 23(a) is readily satisfied.").

**C. Commonality**

Rule 23(a)(2) requires that there be at least one common question of law or fact to certify a class. A class has sufficient commonality "if there are questions of fact and law which are common to the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988) (quoting Fed. R. Civ. P. 23(a)(2)). Commonality

Kazerouni Law Group, APC
Santa Ana, California

focuses on whether certification will offer a more economical approach to resolving the underlying disputes than would individual litigation. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982).[4] "Plaintiffs need not demonstrate that all questions are common to the class; [as there need only be]…'a common core of salient facts coupled with disparate legal remedies within the class' are present." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 506 (N.D. Cal. 2012) (citing *Hanlon*, *supra*, *at* 1019-20).

Commonality requires that the "common contention is of such a nature that it is capable of classwide resolution--which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (U.S. 2011). Where questions of law involve "standardized conduct of the defendants towards members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement...is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984). Class certification is appropriate where the "classwide proceeding [will] generate common answers apt to drive resolution of the litigation." *Dukes*, 131 S.Ct. at 2551.

Defendant here engaged in a common course of conduct towards Plaintiff and the Class members by making autodialed and/or prerecorded voice calls to their cell phones without prior express consent. Compl., ¶¶ 11-37. Thus, there are several questions of law and fact common to the Class members, such as Defendant's common practice of making automated and/or prerecorded voice calls to consumers' cellular telephones without their prior express consent to such type of calls. *See* Exhibit A to the Declaration of Abbas Kazerounian; *Ellison v. Steven Madden*, LTD, 11-CV-5935-PSG (AGRx) (C.D. Cal. Sept. 25, 2012) ("the material issue in the

---

[4] Commonality exists where a "lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. Cal. 2001) (citing *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985).

Kazerouni Law Group, APC
Santa Ana, California

case, whether Defendant sent unsolicited, automated text message advertisements to class members, is a question that is common to the entire class. Therefore, the shared attributes of the claim would be the main focus of the litigation.")

The common questions of law and fact in this TCPA case include, but are not necessarily limited to: (1) whether Defendant made "autodialed" and/or "prerecorded voice" calls to consumers; (2) whether Defendant made such calls to "cellular" telephone numbers on Defendant's outbound dial list during the class period. *See* Compl., ¶ 32. Approached differently, common answers to be produced by this proposed class action include, but are not limited to: (1) whether Defendant obtained "prior express consent" to make the autodialed and/or prerecorded voice calls; (2) whether Defendant made such calls to cellular telephone numbers included on Defendant's outbound dial lists during the class period; and (3) whether injunctive relief is necessary and appropriate to protect the privacy interests of the Class members. *See* Compl., ¶¶ 32, 37, 41 and 45.

Certifying this case as a class action would reduce the burden on the courts that would arise from several thousands of separate, yet nearly identical TCPA claims; would avoid duplicate discovery requests; would provide an efficient method for prompt resolution of the issue regarding the propriety of Defendant's conduct; and would likely result in a more expedient recovery for Class members who would not have to seek individual legal representation once they were to become aware of their rights against Defendant, if at all. *See* Compl., ¶¶ 28 and 36.

Since Plaintiff's claims arise from Defendant's uniform practice of making autodialed and/or prerecorded voice calls to consumers' cell phones, all or substantially all of the issues of law and fact are common to the Class, and certifying this case as a class action will produce common answers sought by the parties, including Defendant. Further, discovery will permit Plaintiff to determine exactly how many autodialed and/or prerecorded calls Defendant made during the class period to cell phones, as determined by Defendant's outbound dial list.

Kazerouni Law Group, APC
Santa Ana, California

Therefore, the commonality prerequisite is easily satisfied here.

**D. Typicality**

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality refers to the *nature* of the claim or defense of the class representative and not on facts surrounding the claim or defense. *Id.* (Italics added.) A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed. 1977).[5] Typicality is met if the claims of each class member arise from the same "course of conduct" (*Armstrong v. Davis*, 275 F.3d at 869), and the defendant's liability turns on "similar legal argument" (*id.* at 868). The typicality focuses on a comparison of the named plaintiff's claims with those of the class. *Id.* at 868-69. "[T]he injuries [must] result from the same, injurious course of conduct." *Id.* at 869.

"[W]hen the commonality prong is satisfied under Rule 23(a)(2), the typicality prong…generally follows suit." *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, *21 (N.D. Ill. Feb. 7, 2008). Typically is established in a TCPA class where the "plaintiff brings the same TCPA claim that will be advanced by the class." *Holtzman v. Turza*, 2009 U.S. Dist. LEXIS 95620, *13 (N.D. Ill. Oct. 14, 2009) (citing *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2008 U.S. Dist. LEXIS 79827 (N.D. Ill. Aug. 20, 2008)).

Plaintiff's TCPA claim is typical of those of the Class members. Indeed, the harm suffered by the Plaintiff is virtually identical to the harm suffered by the Class

---

[5] Typicality is a guidepost as to "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Dukes*, 131 S. Ct. at 2551 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-158, n. 13 (1982)).

Kazerouni Law Group, APC
Santa Ana, California

members, in that their privacy was invaded by Defendant when autodialed and/or prerecorded voice calls were made to their cell phone[6] without prior express consent. This case is similar to *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. Cal. 2012), where the Ninth Circuit affirmed provisional class certification of an autodialed TCPA case.

Here, each Class member claims statutory damages for invasion of privacy that resulted from Defendant's practice of making such calls to telephone number using prohibited means (i.e., an ATDS) without prior express consent. Compl., ¶¶ 38-37. Given Defendant's common practice of making autodialed and/or prerecorded calls to cell phones without evidence of prior express consent during the Class Period, there is no danger the Class Representative will be preoccupied with a unique defense (*see Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. Cal. 1992)); *see also Ellis*, *supra*, at 501. Thus, the typicality requirement is also satisfied.

**E. Adequacy of Representation**

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process requires as much. *Hanlon*, 150 F.3d at 1020. Courts ask two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d at 957; Fed. R. Civ. P. 23(g)(1)(B) ("class counsel must fairly and adequately represent the interests of the class").

Plaintiff's counsel will fairly, responsibly, vigorously, and adequately represent the interests of the Class members whose statutory rights under the TCPA were violated by Defendant. *See* Compl., ¶ 35; Kazerounian Decl., ¶¶ 3, 9-10. Plaintiff

---

[6] The telephone scrubbing process eliminates autodialed/prerecorded calls to "landlines," leaving only actionable calls to "cellular" telephones.

Kazerouni Law Group, APC
Santa Ana, California

shares the same interests of all Class members, comprised of consumers who were all harmed in virtually the same way by Defendant's practice of making autodialed and/or prerecorded calls without prior express consent. Plaintiff will fairly represent the interests of the Class members. Compl., ¶¶ 33 and 34. Plaintiff's counsel is unaware of any conflict of interest on this case. Kazerounian Decl., ¶ 15.

It is highly unlikely that a conflict would exist in this case, given the common practice of Defendant, fixed statutory damages, and requested injunctive relief. *See Yoshioka v. Charles Schwab Corp.*, 2011 U.S. Dist. LEXIS 147483, *18 (N.D. Cal. Dec. 22, 2011) ("apart from [his] proposed incentive award, [plaintiff] will receive the same relief as the class…and there is no apparent conflict of interest"). Plaintiff has retained competent class counsel experienced in TCPA litigation and class actions to represent the interests of the Class. Compl., ¶ 35; Kazerounian Decl., ¶ 14.

Therefore, the adequacy prerequisite is satisfied.

### F. Hybrid Class Certification Under Rules 23(b)(2) and (b)(3) Should Be Granted

Plaintiff seeks hybrid class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). The TCPA permits injunctive relief as well as statutory damages.

#### 1. <u>Rule 23(b)(2)</u>

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b); *see also* Compl., ¶ 37. An order prohibiting Defendant from making autodialed and prerecorded calls to consumers' telephone numbers without prior express written consent would resolve the Plaintiff's complaint in terms of injunctive relief.

Moreover, Plaintiff and each Class member were harmed in the same manner, and may continue to be harmed, in the absence of an injunction, because Defendant would otherwise be free to continue their illegal practice of utilizing an autodialer

and/or prerecorded voice to make calls to cell phones without prior express consent, in violation of the TCPA. *See* Compl., ¶ 34; *see also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043-45 (9th Cir. Cal. 2012) (affirming preliminary injunction in TCPA class action).

Plaintiff's requested remedy is the appropriate remedy for a class action under Rule 23(b)(2), which "applies only when a single injunction or declaratory judgment would provide relief to each member of the class" (*Dukes*, 131 S.Ct. at 2557), based upon Defendant's common practice of making automated and/or prerecording voice calls to consumers' cell phones without prior express consent. Therefore, class certification under Fed. R. Civ. P. 23(b)(2) is necessary and appropriate here.

**2. Rule 23(b)(3)**

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d at 1022 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). "Individual questions need not be absent." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. Ill. 2012). "Court[s] looks at common factual link[s] between all class members and the defendants for which the law provides a remedy." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547 (N.D. Cal. 2005). "Implicit in…the predominance test is…that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd.*, 259 F.R.D. at 142 (citing *General*

Kazerouni Law Group, APC
Santa Ana, California

*Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982)).

The principal legal issue in this case is whether Defendant's telephone calls violated the TCPA. The only individual issue is the identification of the Class members. This will be accomplished by a review of Defendant's records. The predominance of common legal and factual questions is evidenced in this case by the nature of Plaintiff's single TCPA claim that Defendant made autodialed and/or prerecorded voice calls to Plaintiff's cell phone and the cell phone of Class members without their prior express consent.

The question of "prior express consent" (an affirmative defense[7]) in this TCPA action does not present an individualized issue because Defendant is alleged to have failed to obtain prior express consent to make autodialed and/or prerecorded voice calls at issue. Compl., ¶¶ 11-37. *See Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 U.S. Dist. LEXIS 52620, *39 (S.D. Fla. Mar. 26, 2013) (finding in a TCPA prerecorded call case that whether "class members consented *ipso facto* during the admissions process - is not an individualized issue defeating predominance, but is itself a question/defense common to the class as a whole.").

Importantly, Rule 23(b)(3) does not require that all issues of law and fact be subject to common proof, as even the rule itself recognizes that there may be some issues that are individualized. *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 539 (N.D. Cal. 2012) (recognizing that the predominance question is not one of scale; instead it is whether certification would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results);

[7] "Consent" is an affirmative defense (*Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *9 (S.D. Cal. June 11, 2012)), and since Defendant is alleged to have no evidence of prior express consent, Defendant cannot reasonably claim a class action is unmanageable here due to the issue of consent. *See also Dunn v. City of Chicago*, 231 F.R.D. 367, 375-76 (N.D. Ill. 2005) ("the existence of individualized defenses does not preclude class certification.").

*see also Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. N.Y. 2002).

There is clear justification here for handling this dispute under § 227(b)(1)(A)(iii) of the TCPA on a representative rather than individual basis. The issues that make up Plaintiff's single TCPA claim are common to the Class members, who have allegedly been injured in the same way and in virtually the same manner by Defendant's common practice of making autodialed and/or prerecorded voice calls without prior express consent. Through a class action, the Court may resolve at once important common questions to which all parties seek an answer, as explained above, thus serving the policy goal of judicial economy as explained by the Ninth Circuit (*Valentino*, *supra*, 97 F.3d at 1234). Compl., ¶ 31.

Therefore, the common issues predominate in this TCPA action. *See Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, *11-12 (N.D. Cal. Feb. 12, 2013) ("however strong [defendant's] arguments on the merits may be for avoiding liability, there is no reason those issues cannot be properly decided on a class-wide basis, and plaintiff has otherwise satisfied the prerequisites for certification…").

Hybrid certification under Rules 23(b)(2) and (b)(3) is therefore appropriate.

**G. A Class Action Is Superior To Numerous Individual TCPA Actions**

"Class actions were designed for these types of claims." *G.M. Sign, Inc. v. Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843, *16 (quoting *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("'Rule 23(b) was designed for situations … in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"). This inquiry calls for a comparison of alternative methods for resolution of the dispute (*Hanlon*, 150 F.3d at 1023), such as the TCPA claims common to the Class.

Class certification here is superior to numerous individual TCPA actions and thus serves the efficient and appropriate resolution to Defendant's alleged violations of the TCPA, which implicates the rights of several thousands of persons throughout

Kazerouni Law Group, APC
Santa Ana, California

the nation (*see* Compl., ¶¶ 27-37), and will provide no difficulty in allocating fixed statutory damages under 47 U.S.C. § 227(b)(3)(B). It would avoid a multiplicity of actions and possible inconsistencies in judgment. If multiple TCPA suits were filed, there would be a risk of inconsistent results arising from injunctive relief regarding the numerous consumers affected by Defendant's call practices. *See e.g.*, *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 236-37 (C.D. Cal. 2003) ("Where common questions 'predominate,' a class action can…avoid inconsistent outcomes…"); *see also Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 114451, *20 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that the class action procedure is the superior mechanism for dispute resolution in such matter, as the alternative mechanism, permitting individual lawsuits for a small statutory penalty, would be costly and duplicative).

The Class members are individual consumers who are not likely able to successfully maintain a TCPA action against Defendant where the maximum statutory damages per negligent violation of the TCPA is only $500. "To permit the defendant[] to contest liability with each claimant in a single, separate suit…would be almost equivalent to closing the door of justice to all small claimants." *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 90 (7th Cir. Ill. 1941).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff submits that Plaintiff's Motion for Class Certification under Rule 23(b)(2) and (b)(3) against Defendant should be granted, but respectfully requests the Court defer ruling on such Motion until after the parties have had a reasonable opportunity to conduct limited pre-certification discovery and Plaintiff is able to supplement the Motion with information obtained during the discovery process. Plaintiff files this Motion for Class Certification at this time in order to procedurally preserve Plaintiff's rights pursuant to the decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (U.S. 2013), although Plaintiff disagrees that the *Genesis* decision applies to class actions pursuant to Fed.

Kazerouni Law Group, APC
Santa Ana, California

R. Civ. P. 23. Plaintiff also respectfully requests leave to file an amended Motion for Class Certification at a later date after the parties have conducted discovery.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: August 2, 2013

By:/s/ Abbas Kazerounian
Abbas Kazerounian
*Attorneys for Plaintiff*

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*