UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY INIGUEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CBE GROUP,<br><br>        Defendant. | No. 2:13-cv-00843-JAM-AC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE** |

This matter comes before the Court on Defendant The CBE Group, Inc.'s ("Defendant") Motion to Dismiss (Doc. #18). Plaintiff Nancy Iniguez opposes the motion (Doc. #22) and Defendant replied (Doc. #23). Plaintiff also filed a Notice of Recent Authority (Doc. #27). Along with its motion, Defendant submitted 69 evidentiary exhibits and two declarations.

### I. BACKGROUND

This lawsuit is based on Plaintiff's allegations that Defendant placed numerous calls to her cell phone seeking to collect a debt owed by a third party to Dish Network, LLC.

1

Plaintiff alleges that she informed Defendant that the third party no longer controlled the cellular telephone number that Defendant was calling but the calls continued unabated. Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA") and seeks to represent a class of similarly situated individuals.

Prior to filing the present lawsuit, Plaintiff initiated a suit against Dish Network directly.  Case No. 2:12-CV-02354 JAM-AC.  Plaintiff voluntarily dismissed her claims against Dish Network, stating in a stipulation, "Plaintiff Iniguez's dismissal from this action against DISH shall be with prejudice . . . . Plaintiff Iniguez agrees to no longer participate in the instant matter either as a named party or class member, but reserves her right to take appropriate legal action against the third party entity [which she believes made the offending calls]."  Case No. 2:12-CV-02354 JAM-AC (Doc. #19).  Defendant now moves to dismiss Plaintiff's suit on the grounds that it is barred by res judicata and that the allegations in the complaint do not state a claim for which relief can be granted.

Plaintiff's complaint contains two claims, the first for negligent violations of the TCPA, 47 U.S.C. § 227, and the second for willful and/or knowing violations of the same. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

## II.  OPINION

A.  <u>Legal Standard</u>

A party may move to dismiss an action for failure to state

1 a claim upon which relief can be granted pursuant to Federal
2 Rule of Civil Procedure 12(b)(6).  To survive a motion to
3 dismiss a plaintiff must plead "enough facts to state a claim to
4 relief that is plausible on its face."  Bell Atlantic Corp. v.
5 Twombly, 556 U.S. 662, 570 (2007).  In considering a motion to
6 dismiss, a district court must accept all the allegations in the
7 complaint as true and draw all reasonable inferences in favor of
8 the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
9 overruled on other grounds by Davis v. Scherer, 468 U.S. 183
10 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be
11 entitled to the presumption of truth, allegations in a complaint
12 or counterclaim may not simply recite the elements of a cause of
13 action, but must sufficiently allege underlying facts to give
14 fair notice and enable the opposing party to defend itself
15 effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
16 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.
17 2012).  "Second, the factual allegations that are taken as true
18 must plausibly suggest an entitlement to relief, such that it is
19 not unfair to require the opposing party to be subjected to the
20 expense of discovery and continued litigation."  Id.  Assertions
21 that are mere "legal conclusions" are therefore not entitled to
22 the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
23 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is
24 appropriate when a plaintiff fails to state a claim supportable
25 by a cognizable legal theory.  Balistreri v. Pacifica Police
26 Department, 901 F.2d 696, 699 (9th Cir. 1990).
27      Upon granting a motion to dismiss for failure to state a
28 claim, a court has discretion to allow leave to amend the

3

complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Opinion

1. Defendant's Evidentiary Exhibits

Defendant requests that the Court take judicial notice of documents 1-66 and 68 attached to the Flynn Declaration (Doc. ##18-2, 19). Plaintiff partially opposes Defendant's request arguing that documents 1-59 and 67 are irrelevant for purposes of the present motion because they concern the legislative history of the TCPA, but the unambiguous language of the statute controls the legal issues presented in this motion.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to or relied on by the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

Documents 1-57 and 59-66 are matters of public record and the authenticity of the documents is not disputed. The Court therefore grants Defendant's request with respect to those documents, but they will only be considered insofar as they are relevant to the legal issues presented by Defendant's motion.

1  Document 58 is hearsay in the form of a news article and not a
2  matter of public record.  Defendant's request is denied with
3  respect to document 58.  Plaintiff does not oppose Defendant's
4  request with respect to document 68, and notice is taken of that
5  document.
6      Defendant initially sought to introduce documents 67 and 69
7  of the Flynn Declaration as evidentiary items in support of its
8  motion.  Plaintiff correctly objected to those items because
9  extrinsic evidence is generally inadmissible at the pleading
10 stage, but Defendant subsequently filed an additional request
11 for judicial notice with respect to documents 67 and 69 (Doc.
12 #24).  Document 67 is a copy of initial disclosures made by Dish
13 Network in Plaintiff's prior lawsuit and document 69 is a copy
14 of email transmissions between counsel in the same suit.  The
15 fact that the documents may have been filed is a matter of
16 public record which cannot be reasonably disputed, but the
17 contents of the documents themselves cannot be accepted as true
18 at the pleading stage because the contents were prepared for
19 litigation and are subject to dispute.  Defendant's request with
20 respect to these documents is therefore denied.
21     Finally, Defendant submitted a declaration from Jeff
22 Magsamen (Doc. #18-7) and Plaintiff objects to the admission of
23 the declaration.  The declaration cannot be considered in
24 conjunction with Defendant's Motion to Dismiss because the
25 motion is limited to testing the sufficiency of the pleadings.
26 Likewise, Plaintiff objects to any testimony in the Flynn
27 declaration beyond authentication of the exhibits subject to
28 judicial notice.  Any testimony beyond authentication of the

1  judicially noticed exhibits is also inadmissible at this stage
2  of the litigation.  Plaintiff's objections are therefore
3  sustained.

        2.   <u>Motion to Dismiss</u>

            a)   <u>Res Judicata</u>

6     Defendant first argues that Plaintiff's suit is precluded
7  by her previous suit against Dish Network.  Plaintiff responds
8  that her previous suit was not adjudicated on the merits and it
9  was between different parties, meaning that the previous suit
10 has no preclusive effect in this instance.

11    Res judicata, also known as claim preclusion, prohibits
12 lawsuits on "any claims that were raised or could have been
13 raised" in a prior action.  <u>Owens v. Kaiser Found. Health Plan,</u>
14 <u>Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001) (quoting <u>W. Radio Servs.</u>
15 <u>Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997)).  In order
16 for a claim to be barred by res judicata, there must be "(1) an
17 identity of claims, (2) a final judgment on the merits, and
18 (3) identity or privity between parties."  <u>Id.</u>

19    After reviewing the documents associated with Plaintiff's
20 previous lawsuit against Dish Network, it is clear that her
21 present suit is not barred by res judicata.  Plaintiff was
22 dismissed from the previous suit by stipulation of the parties
23 because she determined that Dish Network did not make the
24 allegedly offending calls, but they were made by a third party.
25 In the stipulated dismissal, Plaintiff reserved "her right to
26 take appropriate legal action against the third party entity."
27 Flynn Decl., Ex. 68 ¶ 4.  It is therefore apparent that
28 Plaintiff was not dismissed from her previous lawsuit due to a

6

1   judgment on the merits, she was only dismissed so that she could
2   pursue claims against Defendant, the entity which she believes
3   made calls to her in violation of the TCPA.  While it is true
4   that a dismissal with prejudice is tantamount to adjudication on
5   the merits, the stipulation agreed to by Plaintiff in her prior
6   suit was clearly only preclusive with respect to Dish Network
7   and not the defendant in Plaintiff's current lawsuit against the
8   CBE Group.
9       Defendant cites Semtek Int'l Inc. v. Lockheed Martin Corp.
10  to argue that a dismissal is either with prejudice and the
11  equivalent of adjudication on the merits or it is without
12  prejudice.  531 U.S. 497, 505 (2001).  Defendant reasons that
13  since the words "with prejudice" appear in the stipulation filed
14  by Plaintiff in the Dish Network suit, the adjudication must
15  have been on the merits.  Defendant reads too much from Semtek's
16  holding.  In that case, the Supreme Court was discussing the
17  preclusive effect on other courts of a dismissal with prejudice.
18  Id. at 505-506 (holding that a dismissal with prejudice does not
19  necessarily preclude all future suits on the same claim).
20  Defendant's reasoning also ignores the carve out provision in
21  the stipulation that expressly preserved Plaintiff's right to
22  sue a third party entity for the same conduct, i.e., the
23  stipulated dismissal with respect to Defendant was without
24  prejudice.
25      In reply, Defendant also cites Federal Rule of Civil
26  Procedure 19 for the proposition that Plaintiff was required to
27  bring her current claims along with those she attempted to bring
28  against Dish Network in her prior suit.  Rule 19, however, only

7

applies when the joinder of an available party is required, and Defendant makes no showing that it was a required party in Plaintiff's suit against Dish Network. Accordingly, the Court finds that the stipulated dismissal in Plaintiff's suit against Dish Network does not constitute a final judgment on the merits, and Defendant's motion to dismiss on this basis is denied.

### b) Failure to State a Claim

Defendant also moves to dismiss both of Plaintiff's TCPA claims on the grounds that they are inadequately pled. Defendant argues that the TCPA does not apply to debt collectors, Plaintiff does not adequately allege that an automated dialer was used, and finally Plaintiff does not allege an injury arising from the calls.

The TCPA is codified at 47 U.S.C. § 227. The statute contains prohibitions concerning calls made to residential telephone lines and prohibitions concerning calls made to wireless telephone lines. 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(1)(A)(iii). Under the prohibition related to residential lines, the Federal Communications Commission ("FCC") is permitted to make exceptions for certain calls that are not made for a commercial purpose or those made for a commercial purpose that do not contain an unsolicited advertisement and will not adversely affect privacy rights. 47 U.S.C. § 227(b)(2)(B). The statute does not permit the FCC to make similar exceptions for calls made to wireless numbers.

The TCPA clearly prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number. 47 U.S.C.

§ 227(b)(1)(A). Since the applicable section is written in the disjunctive, a violation may occur if any one of an automated telephone dialing system, an artificial voice, or a prerecorded voice is used to make the call. <u>In re Pacific-Atlantic Trading Co.</u>, 64 F.3d 1292, 1302 (9th Cir. 1995). The only statutory exceptions to the wireless number prohibition are calls made for emergency purposes or with the prior consent of the call recipient. 47 U.S.C. § 227(b)(1)(A). The TCPA prohibits making offending calls to a cellular number in addition to other services for which the called party is charged, but there is no statutory requirement that a recipient be charged for an incoming call on a cellular line in order for a violation to occur. 47 U.S.C. § 227(b)(1)(A)(iii). In sum, the TCPA clearly prohibits using an automated telephone dialing system, an artificial voice, or a prerecorded voice to make a call to a cellular phone number where prior consent was not obtained except for emergency purposes.

          i. <u>Application of the TCPA to Debt Collectors</u>

    Defendant first argues that the TCPA does not apply to the telephone calls it makes because it is a debt collector and the TCPA does not apply to debt collectors. To support its position, Defendant cites extensively to the legislative history of the TCPA. Plaintiff responds that the legislative history is irrelevant absent any ambiguity in the statutory text of the TCPA.

    The first fundamental canon of statutory interpretation requires courts to accept the plain meaning of a statute absent

any ambiguity in the text. Barnhart v. Sigmon Coal Co., 534 U.S. 438, 461-62 (2002). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" Id. (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992)).

In this case, the TCPA is clear that it applies to any call made to a cellular telephone. There is no exception for debt collectors in the statute, nor does the statute permit any regulatory agency to make exceptions to the sections applicable to cellular numbers. In accordance with this position, the federal regulations applicable to the TCPA do not contain a debt collector exception, or any exceptions related to calls made to cellular phones. 47 C.F.R. § 64.1200. The TCPA therefore applies to debt collectors and they may be liable for offending calls. Blair v. CBE Group Inc., No. 13-CV-134-MMA(WVG), 2013 WL 2029155, 3, Slip Copy (S.D. Cal. May 13, 2013); see also Hurrey-Mayer v. Wells Fargo Home Mortg., Inc., No. 09cv1470 DMS (NLS), 2009 WL 3647632, at *3-4 (S.D. Cal. Nov. 4, 2009).

    ii. Automatic Telephone Dialing System Allegations

Defendant argues that Plaintiff's TCPA claims are insufficient because her allegations related to Defendant's use of an automatic telephone dialing system are vague and conclusory. Defendant also contends that debt collection calls are not made using such systems because the debt collector is obviously trying to reach a particular person, not make random calls as required by the TCPA. Plaintiff responds that she specifically alleges that the system used by Defendant falls

under the TCPA's definition of automatic telephone dialing system.

    Plaintiff's complaint alleges both that Defendant used an automatic telephone dialing system and that Defendant's system utilized an artificial voice.  Compl. ¶ 17.  Either allegation is sufficient on its own to support Plaintiff's claims.  The allegation that Defendant's system utilized an artificial voice is based on Plaintiff's own experience when she answered Defendant's phone calls, and it is therefore not vague or conclusory.  Additionally, whether or not Defendant's system randomly generated Plaintiff's number is not determinative because the TCPA only requires that the system have that capability, not that it was actually utilized with respect to a particular phone call.  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009).  Plaintiff's allegations with respect to Defendant's use of an automatic telephone dialing system and an artificial voice are accordingly sufficient and Defendant's motion to dismiss on this ground is denied.

          iii.    Allegations of Injury

   Defendant finally argues that Plaintiff's TCPA claims fail because she does not allege injury, i.e., that she was forced to pay for the allegedly offending phone calls.  Plaintiff responds that such an allegation is not required to state a prima facie TCPA claim.

   The plain text of the TCPA supports Plaintiff's position.  The applicable statutory provision prohibits calls "to any telephone number assigned to a . . . cellular telephone service, . . . or any service for which the called party is charged for

11

the call[.]"  47 U.S.C. § 227(b)(1)(A)(iii).  Since this section is written in the disjunctive, a call is prohibited if it is made to a cellular number or if it is made such that the receiving party is charged for the call.  Based on the plain language of the statute, Plaintiff's allegations are sufficient without an allegation that she was charged for Defendant's calls to her cellular telephone.  Blair v. CBE Group Inc., No. 13-CV-134-MMA(WVG), 2013 WL 2029155, 4, Slip Copy (S.D. Cal. May 13, 2013).  Defendant's motion to dismiss on this ground is therefore denied.

          3.    Motion to Strike Class Allegations

Defendant concurrently moves to strike Plaintiff's class allegations arguing that the requirements of Federal Rule of Civil Procedure 23 are not satisfied in this suit.  Plaintiff responds that the motion is premature, and she is entitled to a reasoned decision on her pending class certification motion (Doc. #26).

Class allegations can be stricken or dismissed at the pleading stage.  Kamm v. Cal. City Dev. Co., 509 F.2d 205, 212 (9th Cir. 1975).  Dismissing class allegations at the pleading stage, however, is rare because the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case.  In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007).

This case is not one in which the pleadings clearly indicate that the class action requirements cannot be met. Defendant's motion to strike is accordingly premature, and it is

12

denied.  Id.; Blair, 2013 WL 2029155, at 5.  The sufficiency of Plaintiff's class allegations are better addressed in Plaintiff's pending motion for class certification.

### III. ORDER

Defendant's Motion to Dismiss and to Strike Class Allegations is DENIED.  Defendant is ordered to file a responsive pleading within twenty (20) days of this order.

IT IS SO ORDERED.

Dated: September 5, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE