1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NANCY INIGUEZ, on behalf of herself and all others similarly,** | Case No: 2:13-cv-00843-JAM-AC |
| | |
| Plaintiff, | **ORDER DENYING DEFENDANT THE CBE GROUP, INC.'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |
| **v.** | |
| **THE CBE GROUP, INC.,** | |
| Defendant. | |
| | **Judge**:  Hon. John A. Mendez |

23
24
25
26
27
28

This matter came before the Court on a motion for reconsideration brought by the Defendant, The CBE Group, Inc. ("CBE" or "Defendant"), or, in the alternative, a motion for certification of interlocutory appeal (Dkt. No. 32). Plaintiff, Nancy Iniguez ("Plaintiff") has opposed the motion (Dkt. No. 34). Defendant has asked the Court to reconsider its order from September (Dkt. No. 18), in which the Court denied CBE's motion to dismiss. CBE's motion to dismiss was premised on the belief that the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (the "TCPA") does not apply to debt collection calls, and therefore Plaintiff had no actionable TCPA claim against CBE as a matter of law.

CBE urges this Court to specifically reconsider the issue of whether the TCPA applies to debt collection calls on the basis that recent case law establishes that debt collection calls are categorically exempt from TCPA, and allowing the case to proceed on the prior ruling would be manifestly unjust.

In the alternative, CBE has requested this Court to certify its prior order under 28 U.S.C. § 1292(b), arguing there is substantial ground for difference of opinion as to a pure question of controlling law the resolution of which will materially affect this litigation.

CBE has argued that three "recent federal district court opinions have held that debt collection calls, similar to those underlying plaintiff's TCPA claim, are exempt from TCPA, and thus these calls cannot give rise to a TCPA violation." Def.'s Memo., p. 3, lns. 5-7 (Dkt. No. 32).

First, the three cases cited by CBE were all decided before the Court made its order on the motion to dismiss, and even before CBE filed its reply to plaintiff's opposition to CBE's motion to dismiss. Thus, the Court finds these three cases are not recent and should have been included in the original motion to dismiss.

The three cases cited and briefly discussed by CBE in this motion for reconsideration fail to show how manifest injustice would result if the Court declines to reconsider its order, and certainly do not support CBE's contention that

debt collection calls are categorically exempt from the TCPA.

In *Martinez v. Johnson*, a case out of the District of Utah,[1] the plaintiffs alleged a violation of TCPA based on calls made by defendant for debt collection purposes arising out of an established business relationship. Although plaintiffs contended that the calls were made to a cell phone, that court found that there was no evidence that the phone contacted was, in fact, a cell phone rather than a landline.

The Court found that a regulatory exemption applied to the calls, and therefore the TCPA did not prohibit them. However, the provision relied on by the district court in *Martinez* shows that it is inapplicable to the case at hand.

In *Martinez*, the Court cited 47 CFR 64.1200(a)(2)(iii-iv) as the source of the exemption. The provision in effect at the time, recently amended and recodified as 47 CFR 64.1200(a)(3), specifically stated that no person may "initiate any telephone call to any residential line unless the call is made for a commercial purpose but does not include or introduce an unsolicited advertisement, or constitute a telephone solicitation, or is made to any person with whom the caller has an established business relationship at the time the call is made."

By the explicit language of the regulation, the exemption relied on by the court in *Martinez* applies to residential lines. It does not reference calls made to cell phones, which are discussed elsewhere in the regulation. As stated, the TCPA makes a clear distinction between the provisions that apply to residential lines and those that apply to numbers assigned to a cellular telephone service.

Comparing 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits calls to any telephone number assigned to a cellular telephone service, unless with prior express consent or for emergency purposes, to 47 U.S.C. § 227(b)(1)(B), that

---

[1] *Martinez v. Johnson*, 11-CV-157-DN, 2013 WL 1031363 (D. Utah Mar. 14, 2013).

prohibits calls to any residential telephone line unless it is for emergency purposes, with consent, or expressly exempted.

As such, the *Martinez* case does not apply to the claims at issue in the case before this Court, and it provides no support for CBEs motion for reconsideration.

The second case cited by CBE in the motion for reconsideration is *Roy v. Dell Financial Services, LLC*.[2] That is out of the Middle District of Pennsylvania. In that case, the district court relied on the same exemptions as the *Martinez* Court to find that the Plaintiff's allegations regarding debt collection calls did not state a claim for a violation of the TCPA.

Again, there is no evidence in that opinion that the plaintiff claimed, or that the court assumed, that the calls were being made to a cellular telephone.

CBE relies on, in the motion for reconsideration, perhaps one poorly worded sentence in *Roy* that states, "The FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage." *Roy*, 2013 WL 3678551 at *8.   In the *Roy* opinion, the district court cited to two cases to support this conclusion. Again, the cases that the district court in *Roy* cited do not support the conclusion reached by the *Roy* Court.

The first case the district court cited to is *Meadows v. Franklin Collection Services, Inc.*,[3] an Eleventh Circuit case. In that case, the Eleventh Circuit found that the debt collection calls at issue did not violate the TCPA, but clearly based its ruling on the fact that the calls were exempt from the TCPA prohibitions on such calls to residences. This does not stand for the proposition that no debt collection calls can violate the TCPA or that the exemption relied on applies to calls to cell phones. Rather, the debt collection calls generally are assumed to involve an

---

[2] *Roy v. Dell Fin. Servs., LLC*, 3:13-CV-738, 2013 WL 3678551 (M.D. Pa. July 12, 2013).

[3] *Meadows v. Franklin Collection Servs., Inc.*, 414 F. App'x 230, 236 (11th Cir. 2011).

existing business relationship, and thus they fall into the landline exemption involving existing business relationships provided in § 64.1200(a).

The second case relied on by the *Roy* Court is *Gager v. Dell Financial Services, LLC*, a district court case out of the Middle District of Pennsylvania.[4] In that case, the Court found that debt collection calls were exempt regardless of what type of phone is called. However, this holding was directly overturned by the Third Circuit, so the district court opinion has no precedential value.

In discussing the 64.1200(a) exemptions, and the district court's erroneous application of them, the Third Circuit held that "exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir. Pa. 2013).

The Third Circuit further held that the "only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent." *Id*. at 273.

Therefore, the holding in *Roy* does not support CBE's contention that the federal regulations categorically exempt debt collection calls to cellular phones, and therefore, again, does not support the motion for reconsideration.

The third decision submitted is the *Rafala v. Nelson, Watson and Associates, LLC* case out of the Eastern District of New York.[5] First, that is an unpublished order. In *Rafala*, the Court relies on a portion of an FCC declaratory ruling regarding debt collection calls to conclude: "Reasoning that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing.' The FCC has exempted them from the TCPA's restrictions," citing Rules and Regulations Implementing the Telephone Consumer Protection Act of

---

[4] *Gager v. Dell Fin. Servs., LLC*, 11-CV-2115, 2012 WL 1942079 (M.D. Pa. May 29, 2012) rev'd, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. Pa. 2013).

[5] *Rafala v. Nelson, Watson & Assoc.*, LLC, 10-CG-173 (RJD) (MDG) (E.D. NY Jan. 28, 2013).

1991, 23 FCCR 559.

The phrase quoted from this FCC ruling, however, is followed by: "Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 FCC Rcd 559, 565 (2008).

The FCC ruling cited in *Rafala* then cites a provision not applicable in *Rafala* or in the present case before this Court. Nevertheless, the *Rafala* Court relied on the FCC ruling to attempt to declare that debt collection calls do not give rise to a cause of action under the TCPA. *Rafala* clearly involves an overextension or misinterpretation of a FCC ruling, and that makes the *Rafala* decision questionable persuasive authority, and it certainly does not warrant reconsideration in this case.

The FCC ruling did expand the scope of the express consent exception as applied to debt collection calls to cell phones; however, it does not change the reasoning applied in this Court's ruling on CBE's motion to dismiss, or support CBE's contention that debt collection calls can never violate the TCPA. In fact, courts discussing this issue have concluded that the FCC ruling does not exempt all debt collection calls, and certainly not all calls to cell phones, including in cases in which CBE made these same arguments.

The *Robinson v. Midland Funding* case,[6] Southern District of California case, that found that the "FCC has already issued a declaratory ruling stating debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA." *Robinson*, 2011 U.S. Dist. LEXIS 40107 at *13.

---

[6] *Robinson v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 40107 (S.D. Cal. Apr. 13, 2011).

The court in *Blair v. CBE Group, Inc.*,[7] the 2013 case out of the Southern District of California, in which Judge Anello denied CBE's motion to dismiss, relied on the theory that the TCPA does not apply to debt collection calls.

The Court therefore finds that the case law cited in the motion for reconsideration does not in any way support CBE's broad contention that debt collection calls are categorically exempt from the TCPA restrictions.

I further find that CBE has failed to meet the standards required for a successful motion for reconsideration as required under Federal Rule of Civil Procedure 60(b) and Local Rule 230(j), and accordingly the Court denies the motion for reconsideration.

CBE has also requested this Court to certify its order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This section provides that when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.'" *Davis Moreno Constr., Inc. v. Frontier Steel Bldgs. Corp.*, 2011 U.S. Dist. LEXIS 10083, *3 (E.D. Cal. Feb. 1, 2011) (quoting *Syufy Enter. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal.1988).

Even assuming the question as posited by CBE is a controlling question of law in this case that would materially affect this litigation, this Court finds that there is not "substantial ground for difference of opinion" with regard to whether the TCPA applies to debt collection calls made to cellular telephones.

---

[7]  *Blair v. CBE Group, Inc.*, 2013 WL 2029155 (S.D. Cal. May 13, 2013).

Much of CBE's argument for certification focuses on the same cases discussed in its motion for reconsideration. And, as the Court has found, these cases do not provide adequate, if any, support for CBE's contention that the TCPA does not apply to debt collection calls. A proper reading of the FCC ruling, the TCPA and the § 64.1200(a) exemptions rules out CBE's theory.

In addition, the case law that actually deals with this question of law before the Court has almost unanimously found that debt collection calls are not categorically exempt from the TCPA, and debt collectors can be found liable for offending calls. The *Robinson* case, the *Blair* case, and the *Gager* case (the Third Circuit opinion), all support that conclusion.

Therefore, this Court finds that CBE has failed to show a substantial ground for difference of opinion, and therefore has failed to meet the high standard placed upon a moving party. Accordingly, the Court also denies CBE's motion for certification.

For those reasons, the entire motion is DENIED.

**IT IS SO ORDERED.**

Dated:  12/4/2013           /s/ John A. Mendez_____
                            **HON. JOHN A. MENDEZ**
                            **UNITED STATES DISTRICT COURT JUDGE**